UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENNETH WILLIAMS, ) | CASE NO. 4:11CV0256 |
| ) | |
| ) | |
| Petitioner ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| -vs- ) | |
| ) | |
| MR. FARLEY, Warden, ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ) | |
| Respondent. ) | |

Before the Court is *pro se* Petitioner Kenneth Williams's above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, who was incarcerated at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton) when the Petition was filed, names F.C.I. Elkton Warden Robert Farley as Respondent.[1] Petitioner asserts he is entitled to an award of

---

[1] Petitioner has since been transferred to Community Corrections Management (CCM) in Chicago, Illinois. For habeas purposes, however, his transfer does not affect this Court's subject matter jurisdiction over the case. *See Cohen v. United States*, 593 F.2d 766, 767 n. 2 (6th Cir.1979).

"time served" from the date he first entered federal custody. For the reasons outlined below, the Petition is dismissed.

### *Background*

Petitioner was indicted in the United States District Court for the Western District of Michigan on June 17, 2009.[2] *See United States v. Williams*, No.1:09cr0173 (W.D. Mich. 2009). The Indictment charged him with making false statements to an agent in violation of 18 U.S.C. §1001(a)(1). At his arraignment on July 13, 2009, Petitioner pleaded not guilty and was released on an unsecured bond for $5000.

The United States filed a Motion to Modify Conditions of Release on July 24, 2009. *Id.* at Dkt. No.12. The Motion asserted Petitioner's bond should be revoked because he was recently admitted to the hospital after consuming illegal drugs. Attached to the Motion was a bond violation letter to the AUSA from Petitioner's Probation Officer who indicated Petitioner never reported to the United States Probation Office after his bond release.

Some time in July 2009, the State of Michigan arrested Petitioner on larceny charges. While Petitioner was in a Michigan jail, U.S. Magistrate Judge Brenneman issued a Petition for Writ of *Habeas Corpus Ad Prosequendum* on August 19, 2009 seeking Petitioner's presence in federal court. District Court Judge Gordon Quist held a hearing on August 28, 2009 to address Petitioner's potential bond revocation, a pending Motion for Competency Evaluation to Stand Trial, and a possible change of plea. The government's Motion to Modify Release and Motion for Competency

---

[2] Petitioner twice states he was indicted on *July 17*, 2009 and made an initial appearance before the court on *July 13*, 2009. Considering the obvious date discrepancy, the Court reviewed the docket in his case on the Public Access to Court Electronic Records (PACER) service. PACER reveals Petitioner was indicted on *June* 17, 2009. *See* http://www.pacer.gov/.

were granted at the hearing. *Id.* at Dkt. No. 24. Judge Quist issued Orders September 1, 2009 revoking Petitioner's bond and scheduling Petitioner for a psychological evaluation on *Id.* at Dkt. Nos. 25 &26.

After his psychiatric/psychological evaluation was completed, a hearing was held before Magistrate Judge Ellen Carmody on December 15, 2009 . *Id*. at Dkt. Nos. 34 & 35. During the hearing, Petitioner was found competent to stand trial. He also entered a plea of guilty to the charge in the Indictment. *Id*. at Dkt. No. 34. The Magistrate issued a Report and Recommendation (R&R) that the guilty plea be accepted. *Id*. at Dkt. No. 36. Judge Quist adopted the Magistrate's R&R and sentenced Petitioner to 30 months imprisonment on April 22, 2010.

On December 17, 2010, Petitioner sent a letter to the Court requesting jail credit for the time he was awaiting federal sentencing. *Id*. at Dkt. No. 49. He complained the Bureau of Prisons (BOP) made a huge error when it denied his request to run his federal sentence concurrently with his state sentence. Petitioner argued he was entitled to 9 months credit against his federal sentence from August 28, 2009, the date he was first transported to federal court, until his federal sentence was imposed on April 22, 2010. He attached numerous documents in support of claim, including a denial of his Request for Administrative Remedy from F.C.I. Elkton Warden Shartle, dated October 19, 2010. *Id*. (Atth. 1). There is no indication Judge Quist responded to Petitioner's letter.

Less than two months after the date of Petitioner's letter, the AUSA filed a Motion for Downward Departure under Rule 35 based on Petitioner's substantial assistance. *Id*. at Dkt. No. 50. Judge Quist granted the Motion on March 1, 2011 and reduced Petitioner's sentence from 30 months to 22 months. *Id*. at Dkt. No. 54.

Petitioner now maintains he is still entitled to 277 days jail credit from August 28, 2009 until April 22, 2010. He asks the court to apply any vested Good Credit Time along with the credit. Petitioner argues he never returned to the State of Michigan's penal system once he was transported to federal court in 2009. He therefore believes his federal sentence should be credited from the date the United States Marshals transported him to federal court via *Writ of Habeas Corpus Ad Prosequendum* until he was sentenced by Judge Quist. Other than citing *Turman v. Gramley*, 97 F.3d. 185 (7th Cir. 1996) for the proposition that this Court has jurisdiction to grant his requested relief, Petitioner provides no further basis in law for his claims.

## *28 U.S.C. §2241*

Prisoner claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Without question, this Court had jurisdiction over Petitioner's custodian when this case was filed, the warden at F.C.I. Elkton within the Northern District of Ohio.

Notwithstanding this Court's personal jurisdiction over Petitioner's custodian, federal prisoners must first exhaust available remedies before filing a § 2241 petition for habeas corpus relief. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). Exhaustion of administrative remedies within the BOP is a non-jurisdictional prerequisite to seeking review of the BOP's calculation of an inmate's release date. See United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir.1992), cert. denied, 507 U.S. 1019 (1993). While it appears Petitioner submitted a Request for Administrative Review to the F.C.I. Elkton warden, there is no indication he completed the exhaustion process. Instead, he attempted to pursue his claim through the sentencing court. This does not qualify as

exhaustion.

It is the Attorney General, through the BOP, who is responsible for administering a sentence after the district court imposes it. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). Therefore, a court cannot compute sentence credits under 18 U.S.C. § 3585(b), as that task is reserved for the Attorney General. *United States v. Wilson*, 503 U.S. 329(1992). Federal regulations do afford prisoners who seek administrative review of the computation of their credits a means through which they can seek a remedy. *See* 28 C.F.R. §§ 542.10-542.16. Petitioner did not fully avail himself of these administrative remedies before requesting habeas relief in this court. While it is proper to dismiss this Petition for failure to exhaust, Petitioner has otherwise failed to state a claim for relief and dismissal on the merits is warranted. *See* 28 U.S.C. §2243.

### *Sentence Credit*

Once a defendant is sentenced and transported to a BOP facility, the agency must know how much of the sentence the offender has left to serve. Because prisoners have a right to certain jail-time credit under 18 U.S.C. § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. *Wilson*, 503 U.S. at 335; *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons"). The statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). While Petitioner does not cite this statute, it is the only means through which he would be entitled to seek credit on his federal sentence.

Warden Shartle's October 19, 2010 denial of Petitioner's Request for Administrative Remedy responded to Petitioner's request to serve his federal sentence concurrently with his State sentence. While that is not Petitioner's stated request from this Court, his request for jail credit would net the same result. Warden Shartle explained, however, that Petitioner was in Muskegon County Jail from July 29, 2009 until March 29, 2010 on charges of larceny.[3] *Williams*, No.1:09cr0173, Dkt. No.49 (Atth.1.) The State of Michigan granted Petitioner 243 days credit for time served on his state sentence. *Id*. Once Petitioner's State sentence ended in March 2010, he was turned over to the exclusive custody of the federal government. *Id.* The BOP then granted Petitioner sentence credit from April 1, 2010 until his federal sentence was imposed on April 21, 2010.

Evolved legal precedent teaches that credit against a federal sentence attaches only when a federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Here, the period during which Petitioner seeks federal sentencing credit does not reflect a time when he was in exclusive federal custody. While awaiting federal sentencing, Petitioner was sentenced by the State of Michigan on

---

[3]Even if Petitioner was not physically located at Muskegon Jail during this entire time period, he was granted full credit against his State sentence during that time.

charges of larceny. Petitioner was still serving his state sentence at the time he was transported, via *Writ of Habeas Corpus Ad Prosequendum*, to federal court. If Petitioner's requested relief were granted, he would receive jail credit on both his federal and state sentences for the same period of time. This is prohibited by the statute, which explicitly states that credit can only be applied "that has not been credited against another sentence." 18 U.S.C.§3585(b). Petitioner received all the credit to which he is entitled from the date his state sentence expired until the date his federal sentence was imposed.

## *Conclusion*

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. §2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

    S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

July 21, 2011

---

[4] The statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).